# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MELITON MORALES RUIZ,

    Petitioner,

v.                                                  Case No. 1:26-cv-00308 KWR-JMR

WARDEN, *Warden of the Torrance County Detention Center,*
TODD LYONS, *Acting Director of Immigration and Customs Enforcement,*
MARY DE ANDA-YBARRA, *Field Office Director of the El Paso Field Office,*
PAMELA BONDI, *Attorney General of the United States,*
*and* KRISTI NOEM, *Secretary of the U.S. Department*
*of Homeland Security*,

    Respondents.

## ORDER TO ANSWER

THIS MATTER comes before the Court *sua sponte*. Having reviewed the Petition, the Court (1) orders the Clerk's Office to serve the Petition and this Order on the Respondents pursuant to the Standing Order filed January 28, 2026. *See* Standing Order, *In re Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004 (D.N.M. Jan. 28, 2026) and (2) orders the Respondents to answer the Petition within **twenty-one (21) days** of **entry** of this Order.

Petitioner filed this habeas petition under § 2241 challenging his detention by the United States Immigration and Customs Enforcement. The Court may apply the § 2254 habeas rules to this § 2241 petition.[1] *See* § 2254 Habeas Rules, Rule 1(b) ("The district court **may apply any or**

---

[1] To the extent Petitioner requests that the Court issue an order directing Respondents to show cause pursuant to § 2243 why his Petition should not be granted within three days, the Court declines to do so. The Court has repeatedly explained why it declines to do so, which the Court incorporates herein. *See, e.g.,* Order to Answer, *Torres Pineda v. Bondi,* Doc. 3, 1:26-cv-150

**all** of these rules to a habeas corpus petition not covered by Rule 1(a)") (emphasis added). Moreover, the Court may apply the Federal Rules of Civil Procedure, to the extent they are not inconsistent with the habeas rules. § 2254 Habeas Rules, Rule 12.

Generally, Respondents need not answer a habeas petition until the Court has ordered an answer. § 2254 Habeas Rules, Rule 4. Habeas Rule 4 grants a district judge discretion to set a time for Respondents to answer or otherwise respond to the habeas petition. *Id.* ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.").

Having reviewed the Petition, the Court concludes that the claims must be resolved on a full record, including an answer from Respondents. Therefore, the Court directs the Clerk's office to serve copies of this Order and the Petition on the appropriate Respondents. Moreover, Respondents shall answer the Petition within **twenty-one (21) days** of the **entry** of this Order. *See* § 2254 Habeas Rules, Rule 4 (granting court discretion to fix a time to file an answer). The answer must address the merits of the Petition and attach all relevant evidence the Respondents wish the Court to consider. Petitioner shall file a reply within **fourteen (14) days** of the filing of the answer.

---

KWR-JHR (D.N.M. Jan. 28, 2026). In short, multiple circuit courts of appeals have held that in § 2241 cases district courts may apply Habeas Rule 4 to supersede the timeline requirements of § 2243. *See Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (allowing district court in its discretion to apply § 2254 habeas rules to § 2241 petitions) (citing Rule 1(b) of the Rules Governing § 2254 Cases). The First Circuit concluded that a district court *may* apply the § 2254 Habeas Rule 4 to § 2241 petitions and supersede § 2243's timeline requirements. *Bramson,* 136 F. App'x at 382. The Tenth Circuit found no abuse of discretion when a district court did the same as to a § 2241 petition. *Bradin v. Thomas*, 823 F. App'x 648, 656-57 (10th Cir. Aug. 13, 2020) (unpublished) (as to § 2241 petition, finding no abuse of discretion in the district court's ruling that "28 U.S.C. § 2243's time limit for filing an answer is subordinate to Habeas Rule 4, which contains no fixed time requirement but instead gives district courts considerable discretion in setting deadlines for responses to habeas petitions"). In this case, the Court requires an adequate record from Respondents. Based on the Court's experience, written briefing and a record produced within three days of this order would likely be inadequate for the Court to issue an adequate, thorough, and timely decision.  The Court therefore finds good cause to order an answer within 21 days.

Of course, Petitioner may expedite consideration of his Petition by filing a reply before the deadline.

**IT IS THEREFORE ORDERED** that the Clerk's Office shall serve this Order and the Petition on the Respondents in accordance with the Standing Order filed January 28, 2026. *See* Standing Order, *In re Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004 (D.N.M. Jan. 28, 2026), Doc. 3.

**IT IS FURTHER ORDERED** that the Respondents shall answer the Petition within **twenty-one (21) days** of the **entry** of this Order. The answer must address the merits of the Petition and attach all relevant evidence or documents Respondents wish the Court to consider. If Respondents file a motion to dismiss, they are warned that the Court *will* construe it as an answer to the Petition, and grant or deny habeas relief without ordering a further answer. **If Respondents fail to timely answer, the Court may proceed to rule on the Petition without further notice.**

**IT IS FURTHER ORDERED** that Petitioner shall file a reply brief within **fourteen (14) days** of the filing of the answer. The Court will interpret any motion to dismiss as an answer, and the Petition will be considered fully briefed upon the filing of Petitioner's reply, unless supplemental briefing is ordered by the Court.

**IT IS FINALLY ORDERED** that the parties must **immediately** alert the Court if any changes to Petitioner's detention or his immigration proceedings would affect the outcome of this habeas case.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE